1  BRIAN R. STRANGE (SBN 103252)
   *lacounsel@earthlink.net*
2  GRETCHEN CARPENTER (SBN 180525)
   *gcarpenter@strangeandcarpenter.com*
3  JOSEPH K. WRIGHT (SBN 251495)
   *jwright@strangeandcarpenter.com*
4  STRANGE & CARPENTER
   12100 Wilshire Blvd., Suite 1900
5  Los Angeles, CA 90025
   Telephone: 310-207-5055; Fax: 310-826-3210
6
7  Attorneys for Plaintiff Julie Gram
8
9              UNITED STATES DISTRICT COURT
10        FOR THE CENTRAL  DISTRICT OF CALIFORNIA
11

FILED

10 JUN -7 PM 3:35

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

12  JULIE GRAM, on behalf of herself    Case No. **CV10  4210**-mmm
    and all others similarly situated,              CVBK
13
            Plaintiff,                  **COMPLAINT FOR
14                                      DAMAGES AND
         vs.                            EQUITABLE RELIEF;
15                                      DEMAND FOR JURY TRIAL;
    INTELLIGENDER, LLC, and DOES 1      DECLARATION OF JULIE
16  through 10,                         GRAM RE VENUE [Cal. Civ.
                                        Code § 1780(d)]**
17          Defendants.
                                        **(Class Action)**
18
19
20
21       Plaintiff Julie Gram (hereafter sometimes referred to as "Plaintiff"), on
22  behalf of herself and all other similarly situated persons in the United States,
23  alleges the following upon information and belief based upon investigation of
24  counsel, published reports, and personal knowledge:
25                       NATURE OF THE CASE
26       1.    This is a class action brought on behalf of all consumers nationwide
27  who have purchased the Intelligender Gender Prediction Test, including a subclass
28  of consumers who reside in California.  This Court has diversity jurisdiction over

                                      1

1   this class action pursuant to 28 U.S.C. § 1332, as amended by the Class Action

2   Fairness Act of 2005, because the matter in controversy exceeds $5,000,000,

3   exclusive of interest and costs, and is a class action in which some members of the

4   class are citizens of different states than the Defendant.  *See* 28 U.S.C. §

5   1332(d)(2)(A).

6                          **JURISDICTION AND PARTIES**

7        2.     Plaintiff Julie Gram is a resident of Los Angeles County, California.

8        3.     Defendant Intelligender, LLC ("Defendant" or "Intelligender") is a

9   Texas limited liability company with its principal place of business in Plano,

10  Texas.

11       4.     The true names and capacities of the Defendants sued herein as DOE

12  DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who

13  therefore sues such Defendants by fictitious names.  Each of the Defendants

14  designated herein as a DOE is legally responsible for the unlawful acts alleged

15  herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the

16  true names and capacities of the DOE Defendants when such identities become

17  known.

18       5.     At all relevant times, each and every Defendant was acting as an

19  agent and/or employee of each of the other Defendants and was acting within the

20  course and scope of said agency and/or employment with the full knowledge and

21  consent of each of the other Defendants.  Each of the acts and/or omissions

22  complained of herein was made known to, and ratified by, each of the other

23  Defendants.

24       6.     This Court has personal jurisdiction over Defendant Intelligender,

25  LLC because Defendant is authorized to do business, and currently does business,

26  in this district.

27       7.     This Court has diversity jurisdiction over this class action pursuant to

28  28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because

Complaint; Demand for Jury Trial; CLRA Venue Declaration

1  the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and

2  is a class action in which some members of the class are citizens of different states

3  than the Defendants.  *See* 28 U.S.C. § 1332(d)(2)(A).

4        8.    Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391

5  because Defendant Intelligender, LLC is subject to personal jurisdiction in this

6  District, and a substantial portion of the conduct complained of herein occurred in

7  this District.

8  <div align="center">**FACTUAL ALLEGATIONS**</div>

9        9.    Plaintiff purchased the Intelligender Gender Prediction Test (the

10  "Test") at a Walgreen's pharmacy in Los Angeles, for the retail price of $29.99, on

11  or about November 26, 2009.  Plaintiff was approximately 12 weeks pregnant at

12  the time she purchased the Test, and she wanted to know as soon as possible the

13  gender of her unborn baby.  The Test predicted that Plaintiff's unborn baby is a

14  girl, but a subsequent ultrasound has confirmed that her baby is a boy.

15        10.    Intelligender markets itself as providing an opportunity to learn the

16  gender of an unborn child faster than is possible by a sonogram or ultrasound.

17  According to the Intelligender website:

18        Our Gender Prediction Test™ is the fun pre-birth experience moms

19        are talking about! Discover whether you're having a boy or girl as

20        early as 10 weeks pregnant.  Our urine-based test is easy to perform

21        in the privacy of your home, with results ready in minutes!

22        IntelliGender's Gender Prediction Test bridges the curiosity gap

23        between conception and sonogram.[1]

24        11.    Intelligender claims the Test is "over 90% accurate" in laboratory

25

26

27  _____

28     [1] http://www.intelligender.com/home.html (last accessed on June 4, 2010).

<div align="center">3</div>

1    results and 82% accurate in "real world" results.[2]  The packaging of the Test states

2    that it is "Proven over 90% accurate."[3]

3        12.    According to Intelligender's website, the Test works as follows:

4    IntelliGender has invested heavily the past several years in

5    developing, refining and testing the specific patent pending formula

6    that successfully reacts to the chemicals in the urine produced by the

7    mother and baby combination.  This exciting, revolutionary new

8    formula produces a "dark, smoky green" reaction to the urine of a

9    mother carrying a male baby and an "orange tinted" reaction to the

10   urine of a mother pregnant with a girl.  A color chart on our G.P.T.

11   label matches to the various shades produced for an easy-to-read

12   determination of the unborn baby's gender.[4]

13       13.    Intelligender markets the Test as a legitimate scientific product.

14   Intelligender's website states that:

15   From inception there has been a firm belief in solid science, strong

16   investments in research and continual product and process

17   improvement.  Early after initial research began, the company

18   founders sought out the foremost experts in the field.  Shortly after

19   the initial product was launched, a Nobel Prize winning chemist was

20   added to the research team making significant contributions to

21

_____

22       [2] *See* Letter from San Francisco City Attorney Dennis Herrera to

23   Intelligender, March 10, 2010 (available at:

24   http://www.sfcityattorney.org/Modules/ ShowDocument.aspx?documentid=535)
     (last accessed on June 4, 2010).

25

26       [3] http://cdn2.overstock.com/images/products/P11781723.jpg (last accessed
     on June 4, 2010).

27

28       [4] http://www.intelligender.com/gpt-how-developed.html (last accessed on
     June 4, 2010).

4

Complaint; Demand for Jury Trial; CLRA Venue Declaration

1  continued product enhancements.  Recently the company added a

2  renowned microbiologist to the team tasked with bringing even more

3  product innovations to the market.[5]

4      14.    The Test is actually no more scientific than flipping a coin.

5  According to Dr. Jeffrey Ecker, a high-risk obstetrician at Massachusetts General

6  Hospital and a Harvard Medical School professor, "If people ask me, I tell them

7  not to waste their money ... I don't know of anything that would show up in the

8  urine at that point in a pregnancy... that would be useful."[6]

9      15.    Plaintiff is informed and believes and thereon alleges that

10  Intelligender only recently added any disclaimers to its website about its accuracy

11  rate.

12      16.    Intelligender has refused to disclose the purported scientific basis for

13  the Test because it claims that patent applications are pending.

14      17.    Consumers are fooled into believing that the Test scientifically

15  adduces the sex of their unborn baby, when in fact the Test simply produces a 50-

16  50 guess.  If the Test is correct, Intelligender has a happy customer; if not,

17  Intelligender refers consumers to hidden "disclaimers" suggesting the Test is "just

18  for fun."  Actually, both consumers have been ripped off by a useless product.

19                      **CLASS ACTION ALLEGATIONS**

20      18.    Plaintiff brings this action, pursuant to Rule 23(a) and (b)(3) of the

21  Federal Rules of Civil Procedure, or pursuant to Rule 23(a) and (b)(2) of the

22  Federal Rules of Civil Procedure, on behalf of herself and all others similarly

23  _____

24      [5] http://www.intelligender.com/about-intelligender.html (last accessed on

25  June 4, 2010).

26      [6] *See* Mitch Lipka, "IntelliGender Gender Prediction Test as accurate as a

27  coin toss, doctors say," (available at:
    http://www.walletpop.com/blog/2010/05/12/intelligender-gender-prediction-test-

28  just-as-accurate-as-a-coin/)  (last accessed on June 4, 2010).

Complaint; Demand for Jury Trial; CLRA Venue Declaration

1  situated, defined as follows: All consumers nationwide who have purchased an
2  Intelligender Gender Prediction Test (the "Class").  The Class includes a subclass
3  of California consumers (the "Subclass").

4      19.    Specifically excluded from the proposed Class and Subclass are
5  Defendant, any entities in which Defendant has a controlling interest, and the
6  officers, directors, affiliates, legal representatives, successors, subsidiaries and/or
7  assigns of Defendant.

8      20.    This action has been brought and may properly be maintained as a
9  class action, satisfying the numerosity, commonality, typicality, adequacy, and
10 superiority requirements of Rule 23 of the Federal Rules of Civil Procedure,
11 because:

12     a)    Individual joinder of Class and Subclass members would be
13 impracticable.  Plaintiff is informed and believes and thereon alleges that the Class
14 and Subclass consist of many thousands of persons.

15     b)    Common questions of law and fact exist as to all members of the
16 Class and Subclass that predominate over any question that affects only individual
17 Class or Subclass members.  These common questions of law and fact include,
18 without limitation:

19         1)    Whether the Intelligender Gender Prediction Test is 82%
20               accurate in the real world, as claimed in Intelligender's
21               marketing;

22         2)    Whether the Intelligender Gender Prediction Test is 90%
23               accurate in the laboratory, as claimed in Intelligender's
24               marketing;

25         3)    Whether the Intelligender Gender Prediction Test is based on
26               significant scientific research, as claimed in Intelligender's
27               marketing;

28         4)    Whether the Intelligender Gender Prediction Test can

Complaint; Demand for Jury Trial; CLRA Venue Declaration

1   accurately predict an unborn baby's gender within 10 weeks of
2   conception, as claimed in Intelligender's marketing;
3      5)    Whether Defendant is liable as a result; and
4      6)    The nature and extent of restitution and/or damages and other
5   remedies to which the conduct of Intelligender entitles the
6   Class and Subclass members.

7      c)    Plaintiff's claims are typical of the claims of the Class and Subclass

8   because Plaintiff is a person residing in California who purchased an Intelligender

9   Gender Prediction Test.

10      d)    Plaintiff is an adequate representative of the Class and Subclass

11   because she shares the same interest as all Class and Subclass members and

12   because her claims and losses are typical of those of the Class and Subclass

13   members.  Plaintiff has retained competent counsel who are experienced in class

14   action litigation and who will fairly and adequately protect the interests of the

15   Class and Subclass.

16      e)    A class action is superior to other available methods for the fair and

17   efficient adjudication of this litigation, because individual joinder of all persons

18   who purchased an Intelligender Gender Prediction Test would be impracticable.

19   Most such persons' losses are modest in relation to the expense and burden of

20   individual prosecution of the litigation necessitated by Defendant's wrongful

21   conduct.  It would be virtually impossible for plaintiff Class members to

22   efficiently redress their wrongs individually.  Even if all plaintiff Class members

23   themselves could afford such individual litigation, the Court system would benefit

24   from a class action.  The prosecution of separate claims by individual members of

25   the Class would create a risk of inconsistent or varying adjudications concerning

26   individual members of the Class which would establish incompatible standards of

27   conduct for the party opposing the Class, as well as create the potential for

28   inconsistent or contradictory judgments.  Furthermore, the prosecution of separate

Complaint; Demand for Jury Trial; CLRA Venue Declaration

1   claims by individual members of the Class would create a risk of adjudications
2   concerning individual members of the Class which would, as a practical matter, be
3   dispositive of the interests of other members of the Class who are not parties to the
4   adjudications, or substantially impair or impede the ability of other members of the
5   Class who are not parties to the adjudications to protect their interests.
6   Individualized litigation would also magnify the delay and expense to all parties
7   and to the court system presented by the issues of the case.  By contrast, the class
8   action device presents far fewer management difficulties and provides the benefit
9   of comprehensive supervision by a single court, as well as economy of scale and
10  expense.

11      21.     Furthermore, Defendant has acted or refused to act on grounds
12  generally applicable to all the members of the Class, thereby making final
13  injunctive relief or declaratory relief concerning the Class as a whole appropriate,
14  pursuant to Federal Rules of Civil Procedure, Rule 23(b)(2).

15      22.     Plaintiff believes that notice to the Class is necessary and proposes
16  that notice of this class action be provided by individual mailings to plaintiff Class
17  members and/or by publication in national publications.

18                    **FIRST CAUSE OF ACTION**

19      **RELIEF UNDER TEXAS BUSINESS AND COMMERCE CODE**

20                 **SECTIONS 17.50, *ET SEQ.***

21      (Plaintiff and Plaintiff Class Members Against All Defendants)

22      23.     Plaintiff repeats, reiterates, and realleges each and every allegation
23  contained in the preceding paragraphs of this complaint.

24      24.     Texas Business and Commerce Code section 17.50 is part of Texas'
25  Deceptive Trade Practices-Consumer Protection Act ("DTPA") and provides in
26  relevant part:

27          (a) A consumer may maintain an action where any of the
28          following constitute a producing cause of economic damages or

Complaint; Demand for Jury Trial; CLRA Venue Declaration

damages for mental anguish:

             (1) the use or employment by any person of a false,

             misleading, or deceptive act or practice that is:

                  (A) specifically enumerated in a subdivision of

                  Subsection (b) of Section 17.46 of this subchapter;

                  and

                  (B) relied on by a consumer to the consumer's

                  detriment;

   . . .

             (2) breach of an express or implied warranty; [or]

             (3) any unconscionable action or course of action by any

person . . . .

    25.    In doing the acts alleged above, Defendant breached implied warranties, in violation of Texas Business and Commerce Code section 17.50(a)(2).

    26.    In doing the acts alleged above, Defendant also engaged in an unconscionable action or course of action, in violation of Texas Business and Commerce Code section 17.50(a)(3).  Specifically, Defendant engaged in acts or practices which, to Plaintiff's and plaintiff Class members' detriment, took advantage of the lack of knowledge, ability, experience or capacity of Plaintiff and plaintiff Class members to a grossly unfair degree.  Defendant's unconscionable actions and courses of action include but are not limited to, the following, which is set forth more fully above:  Defendant misrepresented and deceived customers into believing they would receive a highly accurate gender prediction test when in fact they were purchasing a product with no better predictive accuracy than pure chance.

    27.    Defendant knew at the time that it made its representations and

1  omissions that they were false.  Nevertheless, it took advantage of Plaintiff's and
2  plaintiff Class members' lack of knowledge by aggressively marketing its Tests
3  and inducing Plaintiff and plaintiff Class members to purchase them.

4        28.    Defendant also engaged in an unconscionable action or course of
5  action by engaging in acts or practices which, to Plaintiff's and plaintiff Class
6  members' detriment, resulted in a gross disparity between the value received and
7  the consideration paid for the Tests, since Defendant represented that the Tests
8  were over 90% accurate but, in truth, the Tests had no better predictive accuracy
9  than pure chance, and were therefore worthless, despite the consideration paid.

10        29.    In doing the acts alleged above, Defendant also engaged in the
11  following acts set forth in Texas Business and Commerce Code section 17.46,
12  among others, which provides in pertinent part:

13              (a)    False, misleading, or deceptive acts or practices in
14        the conduct of any trade or commerce are hereby declared
15        unlawful . . .

16              (b)    Except as provided in Subsection (d) of this
17        section, the term "false, misleading, or deceptive acts or
18        practices" includes, but is not limited to, the following acts: ...

19              (5)    representing that goods or services have ...
20        characteristics, ... [or] benefits ... which they do not have ... ;

21              (7)    representing that goods or services are of a
22        particular standard, quality, or grade, ... if they are of another;
23        ...

24              (9)    advertising goods or services with intent not
25        to sell them as advertised; ...

26              (24)   failing to disclose information concerning
27        goods or services which was known at the time of the
28        transaction if such failure to disclose such information was

Complaint; Demand for Jury Trial; CLRA Venue Declaration

1    intended to induce the consumer into a transaction into which

2    the consumer would not have entered had the information been

3    disclosed.

4    30.    Plaintiff and plaintiff Class members relied on Defendant's conduct

5 to their detriment.

6    31.    Plaintiff and plaintiff Class members have sustained "economic

7 damages" as defined in the DTPA as a result of Defendant's violations of the

8 DTPA.

9    32.    Plaintiff and plaintiff Class members are entitled to restitution of the

10 money that Defendant acquired in violation of the DTPA.

11    33.    Defendant's conduct was committed "knowingly" as that term is

12 defined in section 17.45(9) in that Defendant had actual awareness at the time of

13 the act or practice complained of, of the falsity, deception, or unfairness of the act

14 or practice giving rise to Plaintiff's and plaintiff Class members' claims, or, with

15 respect to Defendant's breach of implied warranty, Defendant had an actual

16 awareness of the act, practice, condition, defect, or failure constituting the breach

17 of warranty.

18    34.    Defendant's conduct was committed "intentionally" as that term is

19 defined in section 17.45(13) in that Defendant had an actual awareness of the

20 falsity, deception, or unfairness of the act or practice, or the condition, defect, or

21 failure constituting a breach of warranty giving rise to the Plaintiff's and plaintiff

22 Class members' claims, coupled with the specific intent that the Plaintiff and

23 plaintiff Class members act in detrimental reliance on the falsity or deception or in

24 detrimental ignorance of the unfairness.

25    35.    Plaintiff and plaintiff Class members are entitled to three times the

26 amount of their economic damages pursuant to section 17.50(b)(1).

27    36.    Plaintiff and plaintiff Class members are entitled to injunctive and

28 other appropriate relief as a result of Defendant's violation of section 17.50 of the

11

1  Texas Business and Commerce Code, including without limitation, an order for
2  restitution, attorney's fees and costs.

3  ## SECOND CAUSE OF ACTION

4  ## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

5  (Plaintiff and Plaintiff Class Members Against All Defendants)

6  37.    Plaintiff repeats, reiterates, and realleges each and every allegation
7  contained in the preceding paragraphs of this complaint.

8  38.    Defendant impliedly warrants that its Tests are fit for the ordinary
9  purpose for which they are sold.

10  39.    The ordinary purpose for which Defendant's Tests are sold is to
11  provide purchasers with a prediction of the gender of their unborn children that is
12  greater than 90% accurate.

13  40.    Defendant breached its implied warranty of merchantability by selling
14  Tests which were so defective as to render them less accurate than advertised and
15  provide no better predictions than pure 50/50 chance.

16  41.    Plaintiff, and every member of the Class alleged herein have been
17  similarly damaged as a result of this breach of warranty.

18  ## THIRD CAUSE OF ACTION

19  ## BREACH OF IMPLIED WARRANTY OF FITNESS

20  ## FOR A PARTICULAR PURPOSE

21  (Plaintiff and Plaintiff Class Members Against All Defendants)

22  42.    Plaintiff repeats, reiterates, and realleges each and every allegation
23  contained in the preceding paragraphs of this complaint.

24  43.    Intelligender is, and at all relevant times has been, in the business of
25  designing, manufacturing, distributing, and selling gender prediction tests.

26  44.    Intelligender knew, at the time it sold its Tests, that such Tests would
27  be used by Plaintiff and Class members for the specific purpose of attempting to
28  predict the gender of their unborn children.

Complaint; Demand for Jury Trial; CLRA Venue Declaration

45.   Intelligender knew that consumers who purchased its Tests relied upon Defendant's expertise and skill, judgment and knowledge in furnishing tests which were capable of predicting the gender of their unborn children with a greater than 90% accuracy rate.

46.   Intelligender's Tests are not fit for that purpose in that their design or manufacture is so defective as to render them less accurate than advertised and provide no better predictions than pure 50/50 chance.

47.   Plaintiff, and every member of the Class alleged herein, have been similarly damaged as a result of this breach of warranty.

### FOURTH CAUSE OF ACTION

### FRAUD

(Plaintiff and Plaintiff Class Members Against All Defendants)

48.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint.

49.   Defendant Intelligender made the following material representations to Plaintiff and plaintiff Class members in writing:

A.   That Defendant's Test is over 90% accurate in the laboratory. Defendant made this representation on its Website, in its Twitter feed at http://www.twitter.com/IntelliGender, and on its packaging, among other places.

B.   That Defendant's Test's in-home results are approximately 82% accurate. Defendant made this representation on its Web site and in its Twitter feed at http://www.twitter.com/IntelliGender, among other places.

50.   Defendant made substantially the same representations to Plaintiff and each plaintiff Class member. Representations "A" and "B" above were communicated to the general public.

51.   The foregoing representations were false. In truth, Defendant's Test is not over 90% accurate in the laboratory, and it is not approximately 82% accurate in-home.

13

1    52.    At the time these representations were made, Defendant knew them to
2  be false.  Defendant made these representations with the intention to deceive and
3  defraud Plaintiff and plaintiff Class members, and to induce them to act in reliance
4  on these representations by purchasing its Tests.

5    53.    Plaintiff and plaintiff Class members were ignorant of the falsity of
6  Defendant's representations at the time they were made and at the time Plaintiff
7  and plaintiff Class members purchased their Tests, and believed them to be true.
8  In reliance on these representations, Plaintiff and plaintiff Class members were
9  induced to and did purchase the Tests to their detriment.  Had Plaintiff and
10  plaintiff Class members known the true facts, they would not have taken such
11  action.  Plaintiff's and plaintiff Class members' reliance on Defendant's
12  representations was justified because Defendant was the one offering the Test for
13  sale, and possessed superior knowledge of the facts as they were peculiarly within
14  the knowledge of Defendant.

15    54.    Defendant made substantially the same representations to all plaintiff
16  Class members who purchased the Tests.  Because the representations were
17  material, reliance and justification for the reliance may be inferred or presumed on
18  a class-wide basis for Plaintiff and all plaintiff Class members.

19    55.    As a result of Defendant's fraudulent conduct as alleged above,
20  Plaintiff and plaintiff Class members have suffered damages.

21    56.    The foregoing conduct of Defendant (i) constituted an intentional
22  misrepresentation, deceit, or concealment of a material fact known to the
23  Defendant with the intention on the part of Defendant of thereby depriving
24  Plaintiff and plaintiff Class members of property or legal rights or otherwise
25  causing Plaintiff and plaintiff Class members injury; (ii) was intended by
26  Defendant to cause injury to Plaintiff and plaintiff Class members or was
27  despicable conduct that was carried on by Defendant with a willful and conscious
28  disregard of the rights or safety of others; and/or (iii) was despicable conduct that

14

Complaint; Demand for Jury Trial; CLRA Venue Declaration

1  subjected Plaintiff and plaintiff Class members to cruel and unjust hardship in

2  conscious disregard of Plaintiff's and plaintiff Class members' rights so as to

3  justify an award of punitive damages against Defendant.

### FIFTH CAUSE OF ACTION

### FOR UNJUST ENRICHMENT

6  (Plaintiff and Plaintiff Class Members Against All Defendants)

7  57.   Plaintiff repeats, reiterates, and realleges each and every allegation

8  contained in the preceding paragraphs of this complaint.

9  58.   Defendant has received a benefit at the expense of Plaintiff and

10  plaintiff Class members.

11  59.   Defendant improperly obtained money from Plaintiff and plaintiff

12  Class members as a result of their purchases of the Test despite not providing a

13  product up to the promised standards.  No substantial justification exists for

14  Defendant's conduct.  Accordingly, Defendant has received a benefit and has

15  unjustly retained this benefit at the expense of Plaintiff and the plaintiff Class.

16  60.   As a direct and proximate result of Defendant's misconduct, Plaintiff

17  and plaintiff Class members have paid money for goods not provided and are

18  thereby entitled to restoration of their monies.

### SIXTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

21  (Plaintiff and Plaintiff Subclass Members Against All Defendants)

22  61.   Plaintiff repeats, reiterates, and realleges each and every allegation

23  contained in the preceding and subsequent paragraphs of this complaint.

24  62.   California Business and Professions Code §§ 17200, *et seq*., also

25  known as the California Unfair Competition Law ("UCL"), prohibits acts of

26  "unfair competition," including any unlawful, unfair, fraudulent or deceptive

27  business act or practice as well as "unfair, deceptive, untrue or misleading

28  advertising."

15

63. Defendant violated and continues to violate the UCL through one or more of the following unlawful practices:

    a.    Violating the California False Advertising Law, Business and Professions Code sections 17500, *et. seq.*, by disseminating or causing to be disseminated untrue or misleading advertising;

    b.    Committing common law fraud; and

    c.    Violating the other statutes and common law causes of action as alleged in the instant Complaint.

64. Defendant also violated and continues to violate the UCL through one or more of the following unfair and/or fraudulent practices:

    a.    Selling to Plaintiff and Subclass members a product not suited for its advertised use; and

    b.    Failing to disclose to Plaintiff and Subclass members that the Tests sold do not perform at the advertised accuracy rate.

65. Plaintiff relied on Defendant's conduct to her detriment.

66. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent business practices, Plaintiff and the members of the Subclass have suffered injury and have lost money or property.

67. Plaintiff respectfully requests that the Court require Defendant to provide restitution to Plaintiff and Subclass members, award Plaintiff and Subclass members reasonable attorneys' fees and expenses, and  award such other relief as the Court may deem just and proper.

68. The unlawful, unfair, and fraudulent business practices described herein present a continuing threat to members of the Subclass and members of the general public in that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendant's conduct will continue to cause irreparable injury to the Subclass unless enjoined or restrained.

Complaint; Demand for Jury Trial; CLRA Venue Declaration

## SEVENT CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAWS

(Plaintiff and Plaintiff Subclass Members Against All Defendants)

69.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint.

70.    Business and Professions Code § 17500 provides that "[i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . "

71.    Defendant's representations, including statements made on Defendant's website, packaging, and all other written and oral materials disseminated by Defendant to promote its Test, constitute advertising for purposes of this cause of action.

72.    Such advertising contained statements which were false, misleading, or which omitted material information which Defendant was under a duty to disclose and which were known or should have been known to Defendant to be false, misleading, or deceptive.

73.    Plaintiff relied on Defendant's conduct to her detriment.

74.    As a direct and proximate result of Defendant's misleading advertising, Plaintiff and the members of the Subclass have suffered injury in fact and have lost money or property.

75.    The misleading advertising described herein presents a continuing threat to the Subclass and members of the public in that Defendant persists and

Complaint; Demand for Jury Trial; CLRA Venue Declaration

1  continues to engage in these practices, and will not cease doing so unless and until

2  forced to do so by this Court.  Defendant's conduct will continue to cause

3  irreparable injury to the Subclass unless enjoined or restrained.

4  **EIGHTH CAUSE OF ACTION**

5  **VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT**

6  (Plaintiff and Plaintiff Subclass Members Against All Defendants)

7  76.   Plaintiff repeats, reiterates, and realleges each and every allegation

8  contained in the preceding paragraphs of this complaint.

9  77.   This cause of action is brought pursuant to the Consumers Legal

10  Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* (the "CLRA").

11  78.   The CLRA applies to Defendant's actions and conduct described

12  herein because it extends to transactions that are intended to result, or which have

13  resulted, in the sale or lease of goods or services to consumers.

14  79.   Plaintiff and members of the Subclass are "consumers" within the

15  meaning of Cal. Civ. Code § 1761(d).

16  80.   The Tests that Plaintiff and each member of the Subclass purchased

17  are "goods" within the meaning of Cal. Civ. Code § 1761(a).

18  81.   Defendant has violated, and continues to violate, the CLRA in at least

19  the following respects:

20  (a)   in violation of Cal. Civ. Code § 1770(a)(5), Defendant has

21  represented that the Test has characteristics and benefits that it

22  does not have;

23  (b)   in violation of Cal. Civ. Code § 1770(a)(7), Defendant has

24  represented that the Test is of a particular standard when it is

25  not; and

26  (c)   in violation of Cal. Civ. Code § 1770(a)(9), Defendant has

27  advertised the Test with an intent not to sell it as advertised.

28  82.   Plaintiff requests that this Court enjoin Defendant from continuing to

18

Complaint; Demand for Jury Trial; CLRA Venue Declaration

1  employ the unlawful methods, acts and practices alleged above, pursuant to Cal.

2  Civ. Code § 1780(a)(2).  Unless Defendant is permanently enjoined from

3  continuing to engage in such violation of the CLRA, future consumers of

4  Defendant's Tests will be damaged by Defendant's acts and practices in the same

5  way as have Plaintiff and members of the Subclass.

6     83.    Plaintiff and members of the Subclass are not seeking damages for

7  this claim at this time.  Plaintiff and members of the Subclass will seek damages

8  pursuant to Cal. Civ. Code § 1782 if Defendant does not correct, repair, replace or

9  otherwise rectify the deceptive practices complained of herein within 30 days from

10 notice.

11                            **PRAYER FOR RELIEF**

12     WHEREFORE, on behalf of herself and all others similarly situated,

13 Plaintiff prays for the following relief;

14     1.    An order certifying this action as a class action and appointing her as

15 Class representative and her counsel as Class counsel;

16     2.    For compensatory damages as to all causes of action where

17 compensatory damages are available;

18     3.    For restitution as to all causes of action where restitution is available;

19     4.    For disgorgement of all wrongfully obtained compensation as to all

20 causes of action where disgorgement is available;

21     5.    For preliminary and permanent injunctive relief prohibiting

22 Defendant from continuing the wrongful practices alleged herein;

23     6.    For exemplary damages as to all causes of action where exemplary

24 damages are available;

25     7.    For reasonable costs and attorneys' fees as permitted by law; and

26 ///

27 ///

28 ///

Complaint; Demand for Jury Trial; CLRA Venue Declaration

1        8.    For such other and further relief as the Court may deem proper.

2    DATED: June 7, 2010                    Respectfully submitted,

3                                         STRANGE & CARPENTER

4

5                                  By:

6                                       Gretchen Carpenter
                                        Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint; Demand for Jury Trial; CLRA Venue Declaration

1

## **DEMAND FOR JURY TRIAL**

2

   Plaintiff hereby demands a trial by jury as to all claims so triable.

3

DATED: June 7, 2010                    Respectfully submitted,

4

                                       STRANGE & CARPENTER

5

6

By: _____

7

                                       Gretchen Carpenter
                                       Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

## DECLARATION OF JULIE GRAM

I, Julie Gram, submit this declaration pursuant to Section 1780(d) of the *Consumers Legal Remedies Act* (Cal. Civ. Code §§ 1750, *et seq.*) and declare the following:

1.     I am the representative plaintiff in the complaint filed herewith.  I am and at all relevant times have been a resident of the State of California, County of Los Angeles.  I purchased the Intelligender Gender Prediction Test at issue in this case in the County of Los Angeles.

2.     I am informed and believe that Defendant does business in Los Angeles County, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this ___4___ day of June, 2010, at ___Hollywood_____, California.

_____
Julie Gram

20

Complaint; Demand for Jury Trial; CLRA Venue Declaration

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV10- 4210 MMM (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Brian R. Strange, 103252
Gretchen Carpenter, 180525
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Tel: (310) 207-5055  F: (310) 826-3210

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE GRAM, on behalf of herself and all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>INTELLIGENDER, LLC, and DOES 1 through 10,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 4210-mmm(VBK)<br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>INTELLIGENDER, LLC, and DOES 1 through 10,</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Brian R. Strange</u>, whose address is <u>12100 Wilshire Blvd., Suite 1900, Los Angeles, California 90025</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __5 7 JUN 2010__

By: __Marilyn Davis__
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Brian R. Strange, 103252
Gretchen Carpenter, 180525
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Tel: (310) 207-5055  F: (310) 826-3210

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE GRAM, on behalf of herself and all others similarly situated, | CASE NUMBER |
| PLAINTIFF(S) | |
| v. | CV10 4210-mmm (VBK) |
| INTELLIGENDER, LLC, and DOES 1 through 10, | SUMMONS |
| DEFENDANT(S). | |

TO:     DEFENDANT(S): <u>INTELLIGENDER, LLC, and DOES 1 through 10,</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Brian R. Strange</u>, whose address is <u>12100 Wilshire Blvd., Suite 1900, Los Angeles, California 90025</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __-7 JUN 2010__          By: _____
                                          MARILYN DAVIS
                                          Deputy Clerk

                                          (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Brian R. Strange, 103252
Gretchen Carpenter, 180525
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Tel: (310) 207-5055   F: (310) 826-3210

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| JULIE GRAM, on behalf of herself and all others similarly situated,<br><br><div align=right>PLAINTIFF(S)</div><br>v.<br><br>INTELLIGENDER, LLC, and DOES 1 through 10,<br><br><div align=right>DEFENDANT(S).</div> | CASE NUMBER<br><br>CV10 4210 -mmm(VBK)<br><br><br>**SUMMONS** |
|---|---|

TO:   DEFENDANT(S): INTELLIGENDER, LLC, and DOES 1 through 10,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Brian R. Strange , whose address is 12100 Wilshire Blvd., Suite 1900, Los Angeles, California 90025 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ☞ 7 JUN 2010 _____

By: _____ MARILYN DAVIS _____
        Deputy Clerk

        (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) **PLAINTIFFS** (Check box if you are representing yourself ☐) | **DEFENDANTS** |
|---|---|
| JULIE GRAM, on behalf of herself and all others similarly situated, | INTELLIGENDER, LLC, and DOES 1 through 10, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Brian R. Strange, 103252; Gretchen Carpenter, 180525  T: (310) 207-5055 <br> STRANGE & CARPENTER <br> 12100 Wilshire Blvd., Suite 1900, Los Angeles, CA 90025 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** over $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is a class action against Defendants pursuant to the Class Action Fairness Act of 2005, 28 U.S.C., section 1332(d)(2)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS <br> PERSONAL INJURY | TORTS <br> PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | IMMIGRATION | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |
| | | | ☐ 440 Other Civil Rights | | |

**FOR OFFICE USE ONLY:** Case Number: CV10 4210

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   G Yes
f yes, list case number(s): _____

VIII(b).  RELATED CASES:  Have any cases been previously filed in this court that are related to the present case?  ☑ No   G Yes
f yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   G A.  Arise from the same or closely related transactions, happenings, or events; or
                              G B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              G C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              G D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
G     Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
G     Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant INTELLIGENDER, LLC: Texas |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | Texas |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  *Gretchen Carpenter*     Date   *June 7, 2010*

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |