| | |
|---|---|
| 1 | SEDGWICK, DETERT, MORAN & ARNOLD LLP |
| | Paul Riehle (State Bar No. 115199) |
| 2 | One Market Plaza |
| | Steuart Tower, 8th Floor |
| 3 | San Francisco, California 94105-1008 |
| | Tel:     415.781.7900 |
| 4 | Fax:    415.781.2635 |
| | Email:  *paul.riehle@sdma.com* |
| 5 | |
| | SEDGWICK, DETERT, MORAN & ARNOLD LLP |
| 6 | Amand Mines (State Bar No. 155195) |
| | 801 S. Figueroa Street, 19th Floor |
| 7 | Los Angeles, California 90017-5556 |
| | Tel:     213.426.6900 |
| 8 | Fax:    213.426.6921 |
| | Email:  *amand.mines@sdma.com* |
| 9 | |
| | Attorneys for Defendant INTELLIGENDER, LLC |
| 10 | |
| | BRIAN R. STRANGE (SBN 103252) |
| 11 | *lacounsel@earthlink.net* |
| | GRETCHEN CARPENTER (SBN 180525) |
| 12 | *gcarpenter@strangeandcarpenter.com* |
| | STRANGE & CARPENTER |
| 13 | 12100 Wilshire Blvd., Suite 1900 |
| | Los Angeles, California 90025 |
| 14 | Telephone: (310) 207-5055; Fax: (310) 826-3210 |
| 15 | BRIAN N. MAZZOLA (admitted *pro hac vice*) |
| | *bmazzola@mazzolalawoffice.com* |
| 16 | LAW OFFICES OF BRIAN N. MAZZOLA, P.L.L.C. |
| | 4320 Calder Avenue |
| 17 | Beaumont, Texas 77706 |
| | Telephone: (409) 898-0690; Fax: (409) 898-8400 |
| 18 | |
| | Attorneys for Plaintiff JULIE GRAM |
| 19 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE GRAM, on behalf of herself and all others similarly situated, | Case No. 10-CV-04210-ABC (VBKx) |
| Plaintiff, | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| v. | Judge:    Hon. Audrey B. Collins |
| INTELLIGENDER, LLC, and DOES 1 through 10, | Magistrate Judge:  Hon. Victor B. Kenton |
| | Ctrm:   590 Roybal, Los Angeles |
| Defendant. | Action Filed: June 7, 2010 |

STIPULATED PROTECTIVE ORDER

Plaintiff Julie Gram ("Plaintiff") and Defendant Intelligender, LLC ("Intelligender" or "Defendant") (collectively, "the Parties"), by and through their respective counsel, agree to the terms set forth below and ask the Court to issue the following Protective Order (the "Order"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in order to facilitate discovery and production in the above captioned litigation.

In support of this Order, the Parties state that:

(a) Documents or information containing confidential, proprietary and business information and/or trade secrets that bear significantly on the Parties' claims or defenses, including information relating to Intelligender's proprietary chemical formulas, and information used in a pending patent application by Intelligender, are likely to be disclosed or produced during the course of discovery in the litigation;

(b) Each party in the litigation may assert that public dissemination and disclosure of confidential business information or trade secrets could severely injure or damage the party disclosing or producing the information;

(c) Counsel for the party receiving confidential information are presently without sufficient information to accept the representation(s) made by the producing party as to the confidential, proprietary and/or trade secret nature of such information; and

(d) To protect the respective interests of the Parties and to facilitate the progress of disclosure and discovery in the litigation, the following order should issue:

IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:

1. The terms and conditions of this Order shall govern initial disclosures, the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information

1
STIPULATED PROTECTIVE ORDER

exchanged by the parties or by any third party in response to discovery requests or subpoenas. The protections conferred by this Order cover "CONFIDENTIAL" and "ATTORNEY'S EYES ONLY" materials (as defined below) (including any deposition testimony, or discovery, by the parties or their counsel designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY"), in addition to (1) any information copied or extracted from such materials; and (2) all copies, excerpts, summaries, or compilations of such materials. Any use of Protected Material at trial shall be governed by a separate agreement and order.

2. The designation "CONFIDENTIAL" shall be limited to non-public information that any party, including any third party, in good faith, believes to contain (a) proprietary or commercially sensitive information; (b) financial information; (c) private personal information; (d) information which the party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position, or (e) information that should otherwise be subject to confidential treatment under Rule 26(c)(7) of the Federal Rules of Civil Procedure or California Civil Code § 3426.

3. Information designated "CONFIDENTIAL" may be disclosed only to the following persons:

(a) Counsel for any party and agents or employees of such counsel as are required to assist in the preparation or conduct of this action. The execution of this Order by any member of a law firm shall constitute a representation that all persons in or employed by that firm shall observe and comply with this Order;

(b) Any party to this litigation so long as such party has executed a Certification attached hereto as Exhibit A;

(c) Court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with

authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

(d) Any expert or consultant who (i) is retained by a party or attorney described in Paragraphs 3(a) and (b) to assist with this litigation, (ii) is not a current employee of a party, and (iii) such expert or consultant executes a Certification attached hereto as Exhibit A;

(e) A person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in this litigation;

(f) During depositions and preparation for depositions, a deposition witness, who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or date reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(g) Any private mediator utilized in this litigation, provided such person(s) executes a Certification attached hereto as Exhibit A; and

(h) The Court, court personnel, and any Special Masters and/or Mediators appointed by the Court, who may have access to "CONFIDENTIAL" information without the need to execute any additional certifications.

4. The designation "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (collectively referred to herein as "ATTORNEY'S EYES ONLY") shall be limited to information that any designating party, including third parties, in good faith, believes to contain (a) current and past (to the extent they reflect on or reveal current) materials, ingredients, methods, procedures, and processes relating to Intelligender's gender detection test; (b) current and past (to the extent they reflect on or reveal current) business planning and financial information; (c) highly sensitive private personal information; (d) trade secrets; (e) past or current personnel or employment files; and (f) other

3
STIPULATED PROTECTIVE ORDER

"CONFIDENTIAL" information (as defined in Paragraph 2) for which the disclosure is likely to cause competitive or commercial injury to the designating party.

5. Information designated "ATTORNEY'S EYES ONLY" may be disclosed only to the following persons:

(a) Outside counsel representing a named party in this litigation and agents or employees of such counsel as are required to assist in the preparation or conduct of this action;

(b) Court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

(c) An expert or consultant who (i) is retained by any party or attorney described in Paragraphs 5(a) to assist with this litigation, (ii) is not an actual or prospective competitor of any party or the employee of an actual or prospective competitor; and (iii) only after such expert or consultant executes a Certification attached hereto as Exhibit A;

(d) A person who prepared, received, or reviewed the "ATTORNEY'S EYES ONLY" information prior to its production in this litigation;

(e) During depositions and preparation for depositions, a deposition witness, who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "ATTORNEY'S EYES ONLY" or the specific events, transactions, discussions, or date reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(f) Any private mediators utilized in this litigation, provided such person(s) executes a Certification attached hereto as Exhibit A; and

(g) The Court, Court personnel and any Special Masters and/or Mediators appointed by the Court, who may have access to "ATTORNEY'S EYES ONLY" information without the need to execute any additional certifications.

6. This Order does not apply to any information or documents:

(a) Already in the possession of a receiving party and not subject to any obligation of confidentiality;

(b) Acquired by a receiving party from a third party without being designated confidential or similar material; or

(c) Acquired by a receiving party through public sources and not subject to any obligation of confidentiality.

7. All information designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in accordance with the terms of this Order shall be used solely for the purpose of this litigation and only in accordance with the provisions of this Order. Information designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in accordance with the terms of this Order shall not be used for any business purpose, or in any other litigation or other proceeding, or for any other purpose, except by Court Order or as otherwise required by law.

8. Any person or party receiving "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information that receives a request or subpoena for production or disclosure of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information shall promptly give notice by email or facsimile to the designating party identifying the information sought and enclosing a copy of the subpoena or request. Provided that the designating party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of the designating party or until

ordered by a court of competent jurisdiction. Nothing in this Order should be construed as authorizing or encouraging a party in this action to disobey a lawful directive from another court.

9. Other than as set forth above, Counsel shall inform each person to whom they disclose or give access to "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information the terms of this Order, as well as the obligation to comply with those terms. Persons receiving "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information are prohibited from disclosing it to any person except in conformance with this Order. The recipient of any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of the Order. The parties agree, and agree to inform each person to whom they disclose or give access to "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information, that damages for violation of this Order are not an adequate remedy and that the appropriate remedy is injunctive relief. Attorneys for the parties agree to maintain a file of the Exhibit A Certifications required by this Order.

10. The recipient of any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

11. "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement of counsel, such as by way of example and not limitation, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks,

1  compositions, devices, test reports, programs, code, commands, electronic media,
2  databases, and any other records and reports which comprise, embody or
3  summarize information about the producing party's business, products, practices
4  and/or procedures.

5  12. In designating information "CONFIDENTIAL," or "ATTORNEY'S
6  EYES ONLY," the designating or testifying party or person, including third
7  parties, will make such designation only as to that information that it in good faith
8  believes is "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY." All or any
9  part of a document, tangible item, discovery response or pleading disclosed,
10 produced, or filed by any party or person in this litigation may be designated
11 "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by the designating or
12 disclosing party or person by marking the appropriate legend on the face of the
13 document and each page so designated.  With respect to tangible items, the
14 appropriate legend shall be marked on the face of the tangible item, if practicable,
15 or by delivering at the time of disclosure, production or filing to the party to which
16 disclosure is made, written notice that such tangible item is "CONFIDENTIAL" or
17 "ATTORNEY'S EYES ONLY."

18 13. The parties may designate the deposition testimony and exhibits (or
19 portions thereof) of any witness in this litigation as "CONFIDENTIAL" or
20 "ATTORNEY'S EYES ONLY" at the time of the deposition by advising the
21 reporter and all parties of such fact during the deposition. If any portion of a
22 videotaped deposition is designated pursuant to this Paragraph, the videocassette,
23 videotape, CD, or DVD container shall be labeled with the appropriate legend.
24 Unless a shortened time period is requested as set forth below, within fifteen (15)
25 days of receipt of a transcript, the deponent, his/her counsel, or any other party
26 may re-designate all or portions of the transcript "CONFIDENTIAL" or
27 "ATTORNEY'S EYES ONLY." The deponent, his/her counsel or any other party
28 shall list on a separate piece of paper the numbers of the pages of the deposition

transcript containing "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information and serve the same on opposing counsel. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "ATTORNEY'S EYES ONLY" information. If no designation is made within fifteen (15) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information.

14. A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld. In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court. The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute.

15. Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information, shall be handled in accordance with Central District Local Rule 79-5.

16. Any party that reasonably believes it will reveal a document containing "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information, or discuss the contents thereof, in any proceeding before the Court or representative of the Court, shall make reasonable efforts to inform the designating party at least three business days in advance of actual disclosure. At the request of a designating party, the Court may limit or restrict person(s) not permitted access to "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information from attending any hearing or deposition at which such information is revealed.

17. Nothing in this Order shall be construed in any way as a finding that information designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" actually is "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information. Any party may object, in writing, to the designation by another party by specifying the information in issue and its grounds for questioning the designation. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the designating party, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the parties cannot resolve the dispute informally, the party challenging the designation may file a motion. Such motion shall be brought under and comply with the requirements of Local Rule 37-1, 37-2, and 37-2.1 through 2.4. The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion. The party that designated the information "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall have the burden of demonstrating the propriety of its designation.

18. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in this litigation. This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

19. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to this litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information, provided that actual disclosure of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information is only done in accordance with the terms of this Order. Further,

nothing in this Order shall be deemed to affect the named class representative's ability or adequacy to represent the proposed class in this litigation.

20. The inadvertent or mistaken disclosure by a party of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information without designating the information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall not constitute a waiver of any claim of confidentiality as long as the disclosing party promptly notifies a receiving party in writing of such inadvertent or mistaken disclosure upon becoming aware of such disclosure and provides properly re-designated documents to the receiving party. Upon receipt of notice and properly re-designated documents, the receiving party shall, at the receiving party's election, destroy or return all unmarked or incorrectly designated documents and other materials to the disclosing party within five (5) business days. The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the disclosing party's notice. However, the receiving party shall not be deemed in violation of this Order for any use of the information prior to notice by the designating party of the inadvertent failure to designate the information "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

21. Should any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Order, then the receiving party must immediately: (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to obtain the return of all such "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information; (c) inform the person or persons to whom the unauthorized disclosures were made of the terms of this Order; and (d) request such person or party to sign the Certification attached hereto as Exhibit A. The executed Certification shall be served upon counsel for the designating party within seven (7) business days of its execution by

the party to whom the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies that the designating party may pursue for breach of this Order.

22. A person or entity who is not a party in this litigation shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record. Thereafter, such person or entity may designate as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" testimony, information, documents or things that such person or entity has produced or provided in this action.

23. This Order shall survive the termination of this litigation and transferred actions, if any, and shall continue in full force and effect thereafter.

24. After final termination of this action, the outside counsel for a named party may each retain one copy of deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court. Nothing herein shall require the return or destruction of attorney work product. Such material shall continue to be treated as designated under this Order. Within sixty (60) days after final termination of this litigation, at the request of the designating party, counsel for the receiving party either shall (a) return all additional "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information in discovery or (b) certify destruction thereof to the designating party's counsel. As to "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information reflected in computer databases or backup tapes or any other electronic form, the receiving party shall permanently erase all such "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information.

25. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently disclosed or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the disclosing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent or mistaken production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the disclosing party's assertion of privilege or immunity. Work-product of the receiving party based on or derived from inadvertently or mistakenly produced documents need not be returned to the producing party, but shall instead be destroyed, and any document or material reflecting the contents of the inadvertently or mistakenly produced documents or information shall be expunged. If a receiving party objects to the return of such information within the seven (7) business day period described above, the disclosing party may move the Court for an order preventing the return of such documents or information. Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such documents or information. Notwithstanding the provisions of this paragraph, the use of inadvertently or mistakenly produced discovery material prior to a claim of privilege shall not constitute a violation of this protective order.

26. Nothing in this Order shall prevent any party from applying to the Court for relief from this Order, or from applying to the Court for further or additional orders or modification of this Order.

///

///

**SO STIPULATED**

DATED: December 21, 2010     SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: \S\ Paul Riehle
Paul Riehle
Attorneys for Defendant
INTELLIGENDER, LLC

DATED: December 21, 2010     STRANGE & CARPENTER

By: : \S\ Gretchen Carpenter
Gretchen Carpenter
Attorneys for Plaintiff
JULIE GRAM

DATED: December 21, 2010     LAW OFFICES OF BRIAN N. MAZZOLA, P.L.L.C.

By: \S\ Brian Mazzola
Brian N. Mazzola
Attorneys for Plaintiff
JULIE GRAM

## ORDER

**GOOD CAUSE APPEARING, IT IS SO ORDERED.**

DATED: January 6, 2011            /s/
The Hon. Victor B. Kenton
United States Magistrate Judge

---

13
STIPULATED PROTECTIVE ORDER

| | |
|---|---|
| 1 | SEDGWICK, DETERT, MORAN & ARNOLD LLP |
|   | Paul Riehle (State Bar No. 115199) |
| 2 | One Market Plaza |
|   | Steuart Tower, 8th Floor |
| 3 | San Francisco, California 94105-1008 |
|   | Tel: 415.781.7900 |
| 4 | Fax: 415.781.2635 |
|   | Email: paul.riehle@sdma.com |
| 5 | |
|   | SEDGWICK, DETERT, MORAN & ARNOLD LLP |
| 6 | AMAND MINES (State Bar No. 155195) |
|   | 801 S. Figueroa Street, 19th Floor |
| 7 | Los Angeles, California 90017-5556 |
|   | Tel: 213.426.6900 |
| 8 | Fax: 213.426.6921 |
|   | Email: amand.mines@sdma.com |
| 9 | karen.white@sdma.com |
| 10 | Attorneys for Defendant |
|    | INTELLIGENDER, LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE GRAM, on behalf of herself and all others similarly situated, | Case No. 10-CV-04210 ABC (VBKx) |
| Plaintiff, | **EXHIBIT A** |
| v. | **CERTIFICATION CONCERNING MATERIAL COVERED BY PROTECTIVE ORDER** |
| INTELLIGENDER, LLC, and DOES 1 through 10, | |
| Defendant. | Judge: Hon. Audrey B. Collins |
| | Magistrate for Discovery: Hon. Victor B. Kenton |
| | Action Filed: June 7, 2010 |

14
STIPULATED PROTECTIVE ORDER

## CERTIFICATION

I hereby certify that I have read the attached Protective Order in *Julie Gram, on behalf of herself and all others similarly situated v. Intelligender, LLC*, Case No. 10-CV-04210 (C.D. Cal.), dated _____, 2010 (the "Order"), and I agree that I will not reveal "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information in accordance with the Order. I will use "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information only for the purpose of facilitating the prosecution or defense of the action and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information confidential in accordance with this Order. I agree that the United States District Court for the Central District of California has jurisdiction to enforce the terms of this Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____

_____
[Signature]

_____
[Printed Name]

_____
[Company & Address]